| | | | |
|---|---|---|---|
| AARON HEATH, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| CINDY OWEN, | ) | **ORDER** | |
| | ) | | |
| Defendant. | ) | | |
| _____ | ) | | |

**THIS MATTER** is before the Court *sua sponte.*

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Transylvania County Detention Center ("TCDC"), where Plaintiff was incarcerated at that time. [Doc. 1]. He applied to proceed in forma pauperis. [Doc. 2]. The Plaintiff was instructed that he must keep the Court apprised of his current address at all times by promptly filing a "Notice of Change of Address" with the Court, and that the failure to do so may result in this case's dismissal for lack of prosecution. [See Order of Instructions].

On October 21, 2024, the Plaintiff changed his address to an apartment in Brevard, North Carolina. [Doc. 3]. In November, the Plaintiff changed his address back to the TCDC. [See Doc. 4]. On November 25, 2024, mail to the Plaintiff at the TCDC was returned as undeliverable. [Doc. 5].

On November 25, 2024, the Clerk entered an Order requiring the Plaintiff to update his address with the Court within 14 days. [Nov. 25, 2024 Text-Only Notice]. He was cautioned that the failure to comply may result in the dismissal of the action. In an abundance of caution, the Notice was also mailed to the Plaintiff at his previous address on December 2, 2024.

The Plaintiff has not updated his address with the Court and time to do so has expired. It appears that he has abandoned this action and the Court is unable to proceed. Accordingly, this action is dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: January 8, 2025

Kenneth D. Bell
United States District Judge

2